**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DEANA L. SLONE,**

   **Plaintiff,**

              **Civil Action 2:20-cv-4850**
 **v.**            **Judge Sarah D. Morrison**
             **Magistrate Judge Elizabeth P. Deavers**

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**

## REPORT AND RECOMMENDATION

   Plaintiff, Deana L. Slone, brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for social security disability insurance benefits.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 16), the Commissioner's Memorandum in Opposition (ECF No. 19), Plaintiff's Reply (ECF No. 20), and the administrative record (ECF No. 13).  For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner of Social Security's nondisability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g).

**I. BACKGROUND**

   Plaintiff protectively filed her application for benefits in September 2017, alleging that she has been disabled since August 21, 2017, due to "F33.1" (diagnosis code for major depressive

1

disorder), fibromyalgia, and anxiety.  (R. at. 166-72, 193.)  Plaintiff's application was denied

initially and upon reconsideration.  (R. at 60-93.)  Plaintiff sought a *de novo* hearing before an

administrative law judge ("ALJ").  On August 29, 2019, ALJ Irma J. Flottman held a hearing at

which Plaintiff, represented by counsel, appeared and testified.  (R. at 33-59.)  A vocational

expert ("VE") also appeared and testified.  (*Id.*)  ALJ Flottman issued a decision finding that

Plaintiff was not disabled within the meaning of the Social Security Act on October 29, 2019.  (R.

at 12-32).   On December 18, 2019, Plaintiff filed a Request for Review of Hearing Decision

Order.  (R. at 163-65.)  On July 17, 2020, the Appeals Council denied Plaintiff's request for

review and adopted the ALJ's decision as the Commissioner's final decision.  (R. at 1-6.)

Plaintiff timely commenced this action. (ECF No. 1.)

## II.    RELEVANT RECORD EVIDENCE

### A.  Relevant Hearing Testimony

At the hearing, Plaintiff testified that she has panic attacks and frequent crying spells.  (R.

at 38, 42.)  She sees a psychiatrist every three months and a therapist once a month.  (R. at 42-43.)

She is prescribed the medications, Lamictal, Setraline, and Ativan.  (R. at 43.)  Her medication is

helpful.  (*Id.*)

### B.  Relevant Medical Records

The ALJ summarized the relevant medical records concerning Plaintiff's mental

symptoms as follows:

> Mentally, [Plaintiff] has been diagnosed with major depressive disorder and anxiety
> disorder (Exhibit 4F, p. 5). [Plaintiff] has endorsed psychiatric symptoms, such as
> depressed mood, decreased energy, mood swings, anger, racing thoughts, anxiety,
> impulsivity, social anxiety, excessive worrying, feelings of guilt, nervousness, and

irritability (Exhibits 2F, p. 3; 4F, pp. 1, 2, 4; 6F, pp. 4, 10, 25; 9F, pp. 5, 8, 17, 26, 50; and 10F, p. 13). Mental status examinations of record have varied, with some demonstrating a depressed or anxious mood, with notations that she is listless and anergic at times (Exhibits 2F, p. 4; 4F, p. 3; 6F, pp. 1, 10, 13, 19, 28; and 9F, pp. 5, 20, 41, 50). However, a great number of other mental status examinations of record are entirely normal, with a normal mood and affect (Exhibits 8F, pp. 3, 9; 9F, pp. 11, 14, 17, 23, 29, 32, 35, 38, 48, 53, 56; and 11F, p. 25). [Plaintiff] has received counseling and has been prescribed Effexor, Trazodone, Buspar, Abilify, Lamictal, Ativan, Venlafaxine, Zoloft, and other medications to treat her mental impairments (Exhibits 2F, p. 2; 4F, p. 3; 6F, pp. 2, 7, 9, 15; 9F; and 10F, p. 13). [Plaintiff] reported improvement of her symptoms with medication (Exhibit 9F, p. 11, See Exhibits 6F, pp. 6, 16; 9F, pp. 11, 23, 32, 48; and 10F, p. 14). Furthermore, despite these diagnoses, [Plaintiff] has not required emergent treatment for an exacerbation of symptoms and she has not been hospitalized on a psychiatric basis.

(R. at 23.)

## IV.    ADMINISTRATIVE DECISION

On October 9, 2019, the ALJ issued her decision.  (R. at 12-32.)  The ALJ found that

Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2022.

(R. at 17.)  At Step One of the sequential evaluation process,[1] the ALJ found that Plaintiff did not

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence.  *See* 20 C.F.R. § 404.1520(a)(4).  Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1.    Is the claimant engaged in substantial gainful activity?
2.    Does the claimant suffer from one or more severe impairments?
3.    Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4.    Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5.    Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009);

engage in substantially gainful activity since August 21, 2017, the alleged onset date. (*Id.*) At

Step Two, the ALJ found that Plaintiff had the severe impairments of degenerative disc disease of

the cervical and lumbar spine with a herniated disc of the cervical spine; arthritis of the left knee

and bilateral sacroilitis; diabetes mellitus, type II; hypertension; obesity; major depressive

disorder; and anxiety disorder. (R. at 17-18.) At step three, the ALJ found that Plaintiff does not

have an impairment or combination of impairments that meets or medically equals one of the

listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 18.) Before

proceeding to step four, the ALJ set forth Plaintiff's residual functional capacity ("RFC"),[2] in

pertinent part, as follows:

> [Plaintiff] can perform low-stress work defined as only occasional changes in the work setting; no strict production rate and fast-paced work; and can have occasional interaction with the public, co-workers, and supervisors.

(R. at 20.)

At step four, the ALJ determined that Plaintiff is unable to perform her past relevant work

as a legal secretary, general clerk, resident care worker, or claims clerk. (R. at 25.) The ALJ

relied on testimony from the VE at step five to determine that in light of Plaintiff's age, education,

work experience, and RFC, she was able to perform jobs that existed in significant numbers in the

national economy. (R. at 26.) The ALJ therefore concluded that Plaintiff was not disabled under

the Social Security Act since August 21, 2017. (R. at 27.)

---

*Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).
[2] Because Plaintiff's challenge only involves her mental impairments, the Undersigned's discussion and analysis are limited to the same.

## V.    STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"

*Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## VI.  ANALYSIS

Plaintiff sets forth two assignments of error: (1) the ALJ failed to properly account for all of the credited opinions of the state agency psychologists that were found to be persuasive and (2) the ALJ failed to properly evaluate the opinions of both treating source providers in accordance with 20 C.F.R.§ 404.1520c.  In her first assignment of error, Plaintiff more specifically cites the ALJ's failure to explain how the RFC limiting her to "occasional" interaction with the public, co-workers, and supervisors" accounts for the state agency psychologists' findings that she was limited to "superficial" interaction.  (ECF No. 16 at 11.)   The Undersigned Plaintiff's first argument to be well-taken.[3]

The determination of a claimant's RFC is an issue reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d). Nevertheless, substantial evidence must support the Commissioner's RFC finding. *Berry v. Astrue*, No. 1:08-cv-411, 2010 WL 3730983, at *8 (S.D. Ohio June 18, 2010). An ALJ must explain how the evidence supports the limitations that he or she sets forth in the claimant's RFC:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing

---

[3]This finding obviates the need for in-depth analysis of Plaintiff's remaining assignments of error. Thus, the Undersigned need not, and does not, resolve the alternative bases Plaintiff asserts supports reversal and remand.  Nevertheless, on remand, the ALJ may consider them if appropriate.  This is likewise true to the extent that Plaintiff may be attempting to assert a separate issue relating to the vocational expert's testimony and the ALJ's conclusion regarding other jobs Plaintiff was capable of performing.

> RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p, 1996 WL 374184, at *7 (internal footnote omitted).[4]

In this case, the ALJ found the prior administrative medical findings from Drs. Delcour and Waggoner persuasive, stating that they were "consistent with and supported by the medical evidence of record." (R. at 24.) Although the ALJ restricted Plaintiff to no more than occasional interaction with the general public, co-workers, and supervisors, the ALJ did not incorporate the state agency psychologists' findings that Plaintiff was limited to only superficial interactions with supervisors, coworkers and the general public. (R. at 20.) By way of explanation, the ALJ stated that the use of the term "superficial" was "re-phrased in more vocationally relevant terms." (R. at 24.)

That explanation is inadequate. Courts routinely recognize that limiting the *quantity* of time spent with an individual does not accommodate a limitation relating to the *quality* of the interactions—including a limitation to "superficial" interaction. *See*, *e.g., Hutton v. Comm'r of Soc. Sec.*, No. 2:20-CV-339, 2020 WL 3866855, at *5 (S.D. Ohio July 9, 2020), *report and recommendation adopted sub nom. Hutton v. Comm'r of Soc. Sec. Admin.*, No. 2:20-CV-339, 2020 WL 4334920 (S.D. Ohio July 28, 2020) (reversing and remanding where ALJ explanation

---

[4] Plaintiff's application was filed after March 27, 2017. Therefore, it is governed by revised regulations redefining how evidence is categorized and evaluated when an RFC is assessed. *See* 20 C.F.R. §§ 404.1513(a), 404.1520c (2017).

was lacking because "superficial interaction" is a well-recognized, work-related limitation); *Corey v. Comm'r Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) ("[R]eversal is warranted because the ALJ assigned significant weight to Dr. Marlow's opinions, but failed to include limitations for 'superficial' interactions."); *Lindsey v. Comm'r Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (" 'Occasional contact' goes to the *quantity* of time spent with [ ] individuals, whereas 'superficial contact' goes to the *quality* of the interactions." (emphasis added)) (quoting *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)); *Barker v. Astrue*, No. 5:09-cv-1171, 2010 WL 2710520, at *5–6 (N.D. Ohio July 7, 2010) (finding that the ALJ erred in failing to include in plaintiff's "RFC the prior ALJ's findings, as adopted by the state agency physicians, that [p]laintiff have no interaction with the public and only superficial interaction with co-workers and supervisors" where the ALJ only "limited [p]laintiff to no more than *occasional* interaction with the public (as opposed to no interaction with the public, as in ALJ Hafer's assessment), and he made no mention of whether and to what extent [p]laintiff can interact with co-workers and supervisors (whereas ALJ Hafer found that [p]laintiff was limited to superficial contact with such individuals).").  Stated simply, "superficial interaction" is a well-recognized, work-related limitation. The ALJ's contention that such a limitation, as reflected in the State agency consultants' opinions is "not stated in vocationally relevant terms" is therefore untenable. Because the ALJ's explanation is lacking in this regard, remand is necessary.  *See Hurley*, 2018 WL 4214523, at *4 (explaining that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit

plaintiff to occasional rather than superficial interactions) (citing *Gidley v. Colvin*, No. 2:12-cv-374, 2013 WL 6909170, at *12 (N.D. Ind. Dec. 30, 2013)); *Cote v. Colvin*, No. 16-cv-57-SLC, 2017 WL 448617, at *7 (W.D. Wis. Feb. 2, 2017) (reversing and remanding where "[t]he ALJ did not explain his reasons for only limiting the quantity and not the quality or duration of plaintiff's social interaction, even though several of the physicians whom he credited made clear that plaintiff's difficulties related to the quality of the interaction.").

To be sure, the ALJ was not required to adopt verbatim the reviewers' findings even if she concluded that they were persuasive. *See, e.g., Hankinson v. Comm'r of Soc. Sec.*, No. 2:18-CV-58, 2020 WL 240812, at *2 (S.D. Ohio Jan. 16, 2020) (citing *Salisbury v. Comm'r of Soc. Sec.*, No. 5:11-CV-2277, 2013 WL 427733, *7 (N.D. Ohio Feb. 1, 2013)). "Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a state agency psychologist's opinions verbatim; nor is the ALJ required to adopt the state agency psychologist's limitations wholesale." *Id.* (quoting *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015)). Nevertheless, where, as is the case here, an ALJ determines that a finding is persuasive, the ALJ must incorporate the limitation in that finding or provide a sufficient explanation for declining to do so. *Id.* In this case, the apparent explanation—that superficial interaction is not a vocationally relevant term—is simply inaccurate. Although the ALJ was not required to adopt that finding, she could not reject it on this basis.

Relying on authority outside this Circuit, the Commissioner contends that any error in the RFC assessment was harmless because it had no effect on the ALJ's step five finding. Specifically, the Commissioner argues that the three positions cited by the ALJ – sorter, inspector,

9

and assembler – "'each have a people rating of 8,[5] which requires the least amount of functioning with respect to people.'"  (ECF No. 19 at 5 (quoting *Finley v. Colvin*, No. 14-430, 2015 WL 5162476, at *5 (M.S. La. Aug. 12, 2015), *report and recommendation adopted*, 2015 WL 5162396 (M.S. La. Sept. 1, 2015)).  According to the Commissioner, other courts have found a rating of 8 to be consistent with superficial contact.  *See, e.g., Connor v. Colvin*, No. 1:13-cv-00219, 2014 WL 3533466, at *4 (D. Me. July 16, 2014); *Ren v. Astrue*, No. 08-01242, 2009 WL 3497785, at *9 (D. Colo. Oct. 29, 2009); and *Danell C.-J. v. Saul*, No. 18-1194, 2019 WL 4277150, at *8 (D. Md. Sept. 10, 2019) (ECF No. 19 at 6.)  The Undersigned finds this authority neither binding nor persuasive in light of the above discussion recognizing a distinction between the quality and quantity of interactions as described by the terms superficial or occasional.

In sum, the ALJ found the the State agency psychologists' prior administrative findings persuasive but failed to include a limitation for "superficial interactions" or offer an adequate explanation for declining to do so. The ALJ's cursory discussion "deprived this court of a 'logical bridge between the evidence on the record and his conclusion[.]'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011). As a result, the ALJ's decision does not allow for an adequate review by this Court. For these reasons, it is **RECOMMENDED** that Plaintiff's first contention of error be **SUSTAINED**.

---

[5] A people rating of 8, according to Appendix B of the DOT, 1991 WL 688701, means that they require "[a]ttending to the work assignment instructions or orders of supervisor.  *Danell C.-J. v. Saul*, No. CV TMD 18-1194, 2019 WL 4277150, at *8 (D. Md. Sept. 10, 2019).

## VII.    CONCLUSION

Due to the errors outlined above, Plaintiff is entitled to an order remanding this case to the Social Security Administration pursuant to Sentence Four of 42 U.S.C. § 405(g).  Accordingly, the undersigned **RECOMMENDS** that the Court **REVERSE** the Commissioner of Social Security's non-disability finding and **REMAND** this case to the Commissioner and the ALJ under Sentence Four of § 405(g) for further consideration consistent with this Report and Recommendation.

## VIII.   PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:    October 21, 2021                                  /s/ *Elizabeth A. Preston Deavers*
                                                          Elizabeth A. Preston Deavers
                                                          United States Magistrate Judge